UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION


| | | |
|---|---|---|
| KNOX COUNTY, TENNESSEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-65 |
| | ) | |
| UNITED STATES OF AMERICA, and | ) | |
| SCANCARBON, INC., | ) | |
| | ) | |
| Defendants. | ) | |


**MEMORANDUM OPINION**

This matter is before the Court on the United States' Motion to Dismiss [doc. 12], the United States' Brief in Support of the Motion [doc. 13], Plaintiff's Response in Opposition [doc. 18], and the United States' Reply [doc. 19.]. For the reasons herein, the Court will grant the United States' motion.

I.    BACKGROUND

Plaintiff Knox County, Tennessee, ("Knox County") brings this action under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, mounting its most recent challenge to the Court's final order of forfeiture in a long defunct civil forfeiture case. [*See* Consent Order of Forfeiture, doc. 19, *United States v. Real Prop. Located at 1308 Selby Lane, Knoxville, Tenn. 37922*, No. 3:10-CV-423 (E.D. Tenn. Sept. 27, 2012)]. Specifically, Knox County moves the Court to declare, among other things, that it "has a valid perfected lien securing taxes assessed against" the forfeited property and that the Court's final order of

forfeiture is "void as to Knox County's liens." [Compl., doc. 1, ¶¶ 46, 47]. The United States moves to dismiss Knox County's Complaint, arguing that the Court lacks subject matter jurisdiction. [United States' Br. at 5–10].

## II. ANALYSIS

The Declaratory Judgment Act states that "[i]n *a case of actual controversy* within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 22 U.S.C. § 2201(a) (emphasis added)). "In recognition of the Constitution's limit on judicial authority," the statute's plain language allows for "declaratory relief *only* '[i]n a case of actual controversy.'" *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009) (emphasis added) (quoting 28 U.S.C. § 2201(a)); *see* U.S. Const. art. III, § 2 (empowering the federal judiciary to hear only "Cases" and "Controversies"); *see also Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." (citation omitted)).

The Court has already ruled that Knox County is without standing in the civil forfeiture case—the very case in which it wants the declaratory judgment to apply. [*See* Mem. Op., doc. 43, *United States v. Real Prop. Located at 1308 Selby Lane, Knoxville, Tenn. 37922*, No. 3:10-CV-423 (E.D. Tenn. Sept. 19, 2017)]. Since the Court's ruling, Knox County has made no effort to attain standing. The case has remained closed and

inactive. Because Knox County lacks standing in the forfeiture case, there exists no actual case or controversy over which the Court can enter a declaratory judgment, and it therefore lacks jurisdiction. *See Fieger*, 553 F.3d at 961 ("Article III's 'case and controversy' requirement is not satisfied, and a court therefore has no jurisdiction, when the claimant lacks standing, that is, 'a sufficiently concrete and redressable interest in the dispute.'" (quotation omitted)); *see also Blakely v. United States*, 276 F.3d 853, 872 (6th Cir. 2002) (recognizing that a declaratory judgment is improper unless "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy [and] reality to warrant the issuance of a declaratory judgment" (citing *Golden v. Zwickler*, 394 U.S. 103, 108 (1969))); *cf. Cooper v. Rapp*, No. 17-3068, 2017 WL 3142321, at *4–5 (determining that the plaintiffs' "request for a declaratory judgment is barred by Article III's case-or-controversy requirement" because the defendant was not a party in the underlying state-court proceedings).

### III. CONCLUSION

The Court lacks subject matter jurisdiction over this action. The United States' Motion to Dismiss [doc. 12] is therefore **GRANTED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

3